UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:12CR168 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| DEBORAH L. STREETS, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Defendant. | ) | |

Pursuant to General Order 99-49, this case was referred to United States Magistrate Judge George J. Limbert for the purposes of receiving, on consent of the parties, Defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered. The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by Defendant.

1. On June 21, 2012, Defendant Deborah L. Streets, accompanied by Assistant United States Public Defender Debra Migdal, executed a consent to referral of her case to a United States Magistrate Judge for the purpose of receiving her guilty plea.

2. Defendant Streets then proffered a plea of guilty to both counts charged in the Indictment. Defendant Streets did not concede to the dates alleged in the Indictment or to the

amount alleged in the Indictment. Defendant Streets did admit that the amount that she stole exceeded $1,000.00 and that she received the government funds within five years of the date of the Indictment.

3. Prior to such proffer, Defendant Streets was examined as to her competency, advised of the charges and consequences of conviction, informed that the Court is not bound to apply the Federal Sentencing Guidelines but must consult the guidelines and take them into consideration when it imposes the sentence and of the possibility of a departure from the Guidelines, notified of her rights, advised that she was waiving all of her rights except the right to counsel, and, if such were the case, her right to appeal, and otherwise provided with the information prescribed in Fed. Crim. R. 11.

4. The undersigned was advised that no written plea agreement existed between the parties, no commitments or promises have been made by any party, and no other written or unwritten agreements have been made between the parties.

5. The undersigned questioned Defendant Streets under oath about the knowing, intelligent and voluntary nature of the plea of guilty, and the undersigned believes that Defendant Streets' plea was offered knowingly, intelligently, and voluntarily.

6. The parties provided the undersigned with sufficient information about the charged offenses and Defendant Streets' conduct to establish a factual basis for the plea.

In light of the foregoing, and the record submitted herewith, the undersigned concludes that Defendant Streets' plea was knowing, intelligent, and voluntary and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.

  Accordingly, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court to both counts as charged in the Indictment.

Date: June 21, 2012           */s/George J. Limbert*
                    George J. Limbert
                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation.  *Id*.